By the Court, S. B. Strong, J.
The plaintiffs’ claim as stated in the complaint, was admitted on the trial. The defendants, by way of set-off and counter-claim, introduced and proved a note for a larger amount, made by Patrick R. Cox to Henry Rouse, and indorsed after it had become due, by Rouse to the defendant. It was proved that before such indorsement to the defendant it had been held by Elliott <fc Holden (probably as indorsees ;) that they had brought a suit against Cox and Rouse jointly, in which they had obtained judgment for the amount due on the note, and that Rouse had paid the judgment, and the note had then been returned to him. The defendant had in his answer relied simply upon the note and its indorsement, and had made no claim as assignee of Rouse for money paid by him for the use of the plaintiffs, or of the judgment. The plaintiffs contended, on the trial, that the note was merged in the judgment, and had not after that, any vitality which would enable the payee or any subsequent indorsee to interpose it as a valid set-off against any demand by the maker, or, as in this case, his assignees (whose interests had accrued after the indorsement of the note to the defendants.) The court below ruled against the plaintiffs, and directed the jury to find a verdict for the defendants, which they did, and the counsel for the plaintiffs excepted.
Before proceeding to give an opinion upon the only point raised on the trial, I deem it proper to express my warm approbation of the liberal course pursued by the counsel on both sides in admitting the facts, on the trial, and in making no attempt to embarrass each other about matters concerning which there could be no reasonable doubt. Were such a course generally adopted it would greatly facilitate the transaction of *540 business in our courts, and prevent much complained of law’s delay.
The suit in which the former holders of the note obtained judgment against the maker and indorser was brought under the provision of the revised statutes authorizing a joint action by such holders against all the prior parties, whether makers or indorsers. (2 R. S. 352, § 6.) That did not make such makers and indorsers joint debtors, but simply created a joint remedy against them. It was expressly provided by another section, (11,) that the rights and responsibilities of the same parties to any bill or note, as between each other, should remain the same as though that act had not been passed, saving only the rights of the plaintiff, so far as they may have been determined by the judgment. How but for the passage of that act the holders of the note in this suit, if they had sued the indorser, must have sued him alone, and upon their obtaining a judgment against him, and his paying it,'he would have become entitled to the note, and would have had a right to maintain an action upon it, against the maker, and that would not have been impaired even if the holder had also obtained another judgment against the maker. A judgment only extinguishes (when it extinguishes at all) the claim upon which it is founded. It does not even extinguish a collateral security between the same parties and for the same demand. How that there is an obligation from the maker of the note to the payee who has become an indorser is very clear. The maker in effect promises to the indorsee that he (the maker) will pay the note to the indorsee. When that promise is broken, and the indorser is compelled to pay the •money, he has his right of action upon the original promise. It does not result simply from the payment; if it did, the action should be for money paid. In the case of ordinary sureties there is no primary engagement of the principal to them. The entire engagement is joint, and therefore the judgment, when one is obtained, merges the original claim, as to all. The remedies of' the sureties, against the principal, or against each other for contribution, result from the payment of the money, and the promise implied from that to refund or contribute. The *541 engagement by successive parties to a note is not joint, nor does the statute authorizing a joint action against all make it so. That applies only to the remedy of the party prosecuting, and has no effect upon the promises of the prior parties to each other. I fully agree to what was said by Judge Willard, upon this subject, in giving the opinion of the court in Corey v. White, 3 Barb. S. C. R. 14.) He there says “ that the liability to the plaintiff in the suit, of the respective makers, drawers, acceptors and indorsers, is extinguished by the judgment. The plaintiff cannot, after the recovery, maintain a separate suit against, either of the parties to the instrument who are defendants in the judgment. This, however, can have no effect on the contract which exists between the prior parties to the bill or note as amongst themselves. The contracts are not the same, but different.” The decision in that case has not been overruled, and it is a good authority.
[Dutchess General Term,
April 8, 1856.
The judgment should be affirmed.
Brown, S. B. Strong and Rockwell, Justices.]